## ACKERMAN v. COMMISSIONER OF

### INTERNAL REVENUE.
### No. 5269.

#### Circuit Court of Appeals, Seventh Circuit.
#### March 25, 1935.

Paul E. Shorb and Marion P. Wormhoudt, both of Washington, D. C., and George M. Barnard, of Indianapolis, Ind., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., Sewall Key and Ellis N. Slack, Sp. Assts. to Atty. Gen., and Arnold Raum, of Washington, D. C., for respondent.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

EVANS, Circuit Judge.

Petitioner's income taxes for the calendar years 1924 and 1925 were determined by the Board of Tax Appeals in sums which were unsatisfactory to the taxpayer, who, to overthrow the assessments, assails certain of the Board's findings because in alleged conflict with the overwhelming weight of the evidence.

Petitioner was a member of Straus Brothers and Company of Fort Wayne, Indiana, a co-partnership engaged in buying and selling farm land and farm mortgages. In 1910, the business was transferred to a corporation known as The Straus Brothers Company. The co-partnership received about 95% of the corporation's voting stock. It also retained some of its own assets. The individual members of the partnership were, in the years in question, officers and directors of the corporation. In the year 1924, the partnership owned 99% of the common stock of the corporation. It owed to the corporation, however, approximately $190,000. In 1924, it transferred to the corporation assets carried on the partnership books at $387,135.22, and the indebtedness was satisfied.

The Commissioner and also the Board of Tax Appeals determined that petitioner realized a profit of $50,274.93 in 1924 as the result of this alleged sale of the partnership assets to the corporation.

Petitioner's complaint is based upon his assertion that the partnership assets were a contribution to the capital of the corporation by the partnership, not a sale of assets; and that the partners never collected the money which was apparently credited in their favor on the books of the corporation.

The issue upon this appeal is purely factual. The records made by both the co-partnership and the corporation affirmatively establish the existence of a sale of assets by the former to the latter and a resulting profit as found by the Board. Petitioner argues earnestly that if we accept the Board's findings it will work a great injustice to him who, as a partner, never realized a cent of profit; that the prices at which the assets of the partnership were turned over to the corporation were higher than the actual value of the assets.

From an examination of the documentary evidence which was made when no thought of income taxes existed, we find ample support for the findings of the Board of Tax Appeals. In the agreement between the co-partnership and the corporation, to which reference has been made, it was expressly provided:

"1. The co-partnership shall and does hereby sell, assign, transfer and set over to the corporation all of its assets and property of every kind and nature whatsoever and wheresoever situated, save and except only the capital stock in the corporation owned and held by the co-partnership as aforesaid, for the price and sum of $324,299.50 * * *

"2. The corporation agrees that it will pay to the co-partnership for the assets transferred to it as aforesaid the sum of $324,299.50 as follows, to wit:

"$191,290.12; by applying the same in satisfaction and discharge of the amount due from the co-partnership to the corporation as aforesaid, and that it will credit the balance of said purchase price, to wit: $133,099.38 to the co-partnership upon the books of the corporation; and the corporation promises and agrees to pay the same to the co-partnership or its assigns on or before five years from this date, with interest thereon at the rate of six per centum per annum * * *."

There also appear the minutes of the meeting of the corporation wherein the purchase of the assets was authorized, and it is apparent that the agreement from which the above quotation is taken was in exact accord with the action of the corporation which authorized the purchase.

If we accept the findings of the Board, it follows that the transfer of the partnership assets to the corporation was a sale and not a contribution of capital. We accept as equally sound the proposition that the sale of such partnership assets resulted in the realization of a profit by the partnership which is subject to an income tax; and that the partnership is not entitled to consolidate its account with that of the corporation, under the provisions of section 240 (d) of the Revenue Act of 1924 and section 240 (f) of the Revenue Act of 1926 (26 USCA § 993 and note), after it sells its assets to said corporation at a profit to it.

The order is affirmed.